UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE SIEMON COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TE CONNECTIVITY LTD. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, The Siemon Company ("Siemon"), does hereby, through its attorneys, allege as follows:

## THE PARTIES

1. Plaintiff The Siemon Company (hereinafter "Siemon"), is a corporation organized and existing under the laws of Connecticut, with a principal place of business at 101 Siemon Company Drive, Watertown, Connecticut, 06795-0400.

2. Upon information and belief, Defendant TE Connectivity Ltd. (hereinafter "TE" or "Defendant") is a corporation organized under the laws of Switzerland, with its principal place of business at Rheinstrasse 20 CH-8200 Schaffhausen, Switzerland.

## JURISDICTION

3. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant, and Defendant comes within the scope of the Connecticut long-arm statute, CONN. GEN. STAT. § 52-59b, because, upon

information and belief and among other things, Defendant is transacting business within this judicial district, and has committed tortious acts causing injury within this judicial district, including acts of infringement which are in part the subject matter of this Complaint.

## VENUE

5.	Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400.

## BACKGROUND FACTS

6.	Siemon is the owner by assignment of United States Patent No. 6,353,183 entitled "Adapter plate for use with cable adapters," issued on March 5, 2002 ("the '183 patent"). A true and correct copy of the '183 patent is attached hereto as Exhibit A.

7.	Upon information and belief, TE has made, used, offered to sell or sold, and/or imported products and/or services that infringe one or more of the claims of the '183 patent.

8.	TE manufactures, imports, sells, and/or offers to sell adapter plates for use with cable adapters including, but not limited to TE's "Quick-Fit Fiber Modules" and fiber plate variants part numbers 0-1671196-3; 0-1671196-1; 0-1671202-3; 0-1671202-1; 1671201-3; 1671201-1; 1671200-1; 1711987-1; 1671196-3; 1671196-1; 1671202-4; and jack plate variants 2111093-1; and 2111117-1.

9.	TE's adapter plates directly infringe one or more of the claims of the '183 patent.

10.	Siemon has suffered injury from TE's acts of patent infringement.

## COUNT I
### (Infringement of U.S. Patent No. 6,353,183)

11.	Siemon repeats and realleges paragraphs 1-11, above, as though fully set forth herein.

12.	TE infringes and will continue to infringe one or more of the claims of the '183 patent by, among other activities, offering to sell or selling its adapter plates.

13. TE has also infringed the '183 patent by contributing to the infringement of the '183 patent by others and/or by inducing others to infringe the '183 patent.

14. Upon information and belief, TE's continued infringement of the '183 patent, whether direct, contributory, and/or by inducement, has been and continues to be knowing, willful, and objectively reckless.

15. Siemon has been irreparably harmed to an extent not yet determined by TE's infringement, and will continue to be irreparably harmed in the future unless TE is enjoined from its activities by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Siemon respectfully asks this Court to enter judgment against TE and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with TE, granting the following relief:

A. The entry of judgment in favor of Siemon and against TE;

B. A permanent injunction prohibiting further infringement of the '183 patent;

C. An award of damages adequate to compensate Siemon for the infringement that has occurred, but in no event less than a reasonable royalty for the use made of the inventions of the '183 patent as provided in 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

D. Award Siemon treble damages as provided in 35 U.S.C. § 284;

E. Find that this case is exceptional and award Siemon its costs in this action together with reasonable attorneys' fees as provided in 35 U.S.C. § 285; and

F.       Such other relief to which Siemon is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Siemon demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: September 8, 2014       /s/ Michael J. Rye_____
Michael J. Rye, Esq. (CT 18354)
CANTOR COLBURN LLP
20 Church Street, 22nd Floor
Hartford, CT  06103
Tel: 860-286-2929
Fax: 860-286-0115
mrye@cantorcolburn.com

ATTORNEY FOR PLAINTIFF
SIEMON, INC.